1
2
3
4
5
6
7

8          **UNITED STATES DISTRICT COURT**

9          **EASTERN DISTRICT OF CALIFORNIA**

10

11   KENNETH JAMES WEST,                    )  Case No.: 1:22-cv-00172-BAK (HBK) (HC)
                                            )
12               Petitioner,                )  ORDER DENYING MOTIONS FOR
                                            )  APPOINTMENT OF COUNSEL
13         v.                               )
                                            )  (Docs. 2, 8)
14   ATTORNEY GENERAL OF THE STATE OF       )
     CALIFORNIA,                            )
15                                          )
                                            )
16               Respondent.                )
     _____

17

18         Petitioner, a state prisoner, has pending a Petition for Writ of Habeas Corpus filed pursuant to

19   28 U.S.C. § 2254 (Doc. No. 1) that was transferred to this Court on February 10, 2022 (Doc. No. 5).

20   Pending are Petitioner's motion to appoint counsel filed February 7, 2022 (Doc. No. 2) and February

21   22, 2022 (Doc. No. 8).  Petitioner seeks appointment of counsel due to his indigence and lack of legal

22   training.  Doc. Nos. 2, 8.

23         There is no automatic, constitutional right to counsel in federal habeas proceedings.  *See*

24   *Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *Anderson v. Heinze*, 258 F.2d 479, 481 (9th Cir.

25   1958).  The Criminal Justice Act, 18 U.S.C. § 3006A, however, authorizes this court to appoint

26   counsel for a financially eligible person who seeks relief under § 2254 when the "court determines that

27   the interests of justice so require."  *Id*. at § 3006A(a)(2)(B); *see also Chaney v. Lewis*, 801 F.2d 1191,

28   1196 (9th Cir. 1986).  Moreover, the Rules Governing Section 2254 Cases in the United States District

     Courts require the court to appoint counsel: (1) when the court has authorized discovery upon a

showing of good cause and appointment of counsel is necessary for effective discovery; or (2) when the court has determined that an evidentiary hearing is warranted.  *Id*. at Rs. 6(a) and 8(c).

This case is at the early stages.  Respondent has not yet been directed to respond to the Petition.  Based upon the record, the court finds Petitioner has not demonstrated that appointment of counsel is necessary at this stage of the proceedings.  Provided Petitioner meets the criteria set forth in 18 U.S.C. § 3006A, the court will consider appointing counsel to represent Petitioner if the court later finds good cause to permit discovery or if the court decides that an evidentiary hearing is warranted in this matter.

Accordingly, it is **ORDERED**:

Petitioner's motions for appointment of counsel (Doc. Nos. 2, 8) are **DENIED without prejudice**.

Dated:   February 23, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE