UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH JAMES WEST,<br><br>  Petitioner,<br><br>  v.<br><br>ATTORNEY GENERAL OF THE STATE OF CALIFORNIA,<br><br>  Respondent. | Case No.: 1:22-cv-00172-BAK (HBK) (HC)<br><br>ORDER FINDING PETITION FAILS TO STATE A CLAIM AND DIRECTING PETITIONER TO FILE A FIRST AMENDED PETITION<br><br>THIRTY-DAY DEADLINE |

Pending is Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 on February 7, 2022. (Doc. 1). A preliminary screening of the petition reveals that the Petition fails to identify any grounds for relief. Due to Petitioner's *pro se* status, the Court will permit Petitioner an opportunity to file an amended petition.

**I.   DISCUSSION**

A.   Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court. . ." Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990). The Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus,

1

either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.

### B. Failure to State a Cognizable Federal Claim

The basic scope of habeas corpus is prescribed by statute. Title 28 U.S.C. § 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*.

(emphasis added). See also Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court. The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).

To succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1), (2). In addition to the above, Rule 2(c) of the Rules Governing Section 2254 Cases requires that the petition:

> (1) Specify all the grounds for relief available to the petitioner;
> (2) State the facts supporting each ground;
> (3) State the relief requested;
> (4) Be printed, typewritten, or legibly handwritten; and
> (5) Be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

The instant Petition fails to identify any grounds for relief in his petition. Instead, this section of the Petition is blank. (See Doc. 1 at 5-10). The Petition does not comply with Rule 2(c) because it fails to specify any grounds for relief and any facts supporting the grounds. O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); United States v. Popoola, 881 F.2d 811, 812 (9th Cir. 1989). Additionally, the Petition fails to state how the adjudication of any claims in state court resulted in a decision that was contrary to, or an unreasonable application of, clearly established Supreme Court

authority. Therefore, the Petition fails to present a cognizable claim for relief and is subject to dismissal.

Petitioner will be granted an opportunity to file a First Amended Petition to cure these deficiencies. Petitioner is advised that he should caption his pleading, "First Amended Petition," and he should reference the instant case number.

Accordingly, the Court **ORDERS**:

    1) Within thirty days from the date of service of this Order, Petitioner shall file a First Amended Petition.

    2) Petitioner's failure to timely comply with this order will result in the undersigned recommending the dismissal of the Petition for failing to state a cognizable claim and/or Petitioner's failure to comply with this Order pursuant to Local Rule 110.

Dated:   February 23, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE