UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH JAMES WEST,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>ATTORNEY GENERAL OF THE STATE OF CALIFORNIA,<br><br>　　　　　Respondent. | Case No. 1:22-cv-00172-ADA-CDB (HC)<br><br>FINDINGS AND RECOMMENDATIONS THAT RESPONDENT'S MOTION TO DISMISS BE GRANTED AND DISMISSING WITHOUT PREJUDICE PETITIONER'S FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS<br><br>(ECF Nos. 14, 19)<br><br>**OBJECTIONS, IF ANY, DUE WITHIN TWENTY ONE DAYS** |

On February 7, 2022, Petitioner Kenneth James West ("Petitioner") a state prisoner proceeding *pro se*, filed a petition for writ of habeas corpus. (ECF No. 1). On March 15, 2022, Petitioner filed a first amended petition for writ of habeas corpus. (ECF No. 14). On July 22, 2022, Respondent filed a motion to dismiss the petition because the claims are unexhausted.[1] (ECF No. 19). On August 11, 2022, Petitioner filed a response opposing Respondent's motion to dismiss. (ECF No. 22). For the reasons set forth below, the Court will recommend that Respondent's motion to dismiss be granted without prejudice, and that Petitioner be given 30 days to file a second amended petition.

---

[1] Respondent notes "Petitioner is incarcerated at Valley State Prison, where Landon Bird is the Warden" and the appropriate respondent. (ECF No. 19 at 1). *See Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam) (Generally, the person having custody of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner and thus can produce "the body of the petitioner."))

1

**Procedural and Factual Background**

On May 21, 2018, Petitioner was convicted in Fresno County Superior Court for multiple sex offenses against minors. (ECF No. 14 at 1); (Lod. Doc. 1); *see* Cal. Pen. Code § 288. On August 6, 2018, Petitioner was sentenced to an indeterminate state prison term of 165 years to life. (ECF No. 14 at 1); (Lod. Doc. 1).

Petitioner appealed the judgment of the trial court on the grounds that it violated the ex post facto clauses of the United States and California Constitutions, the trial court erroneously imposed consecutive sentences upon Petitioner, and in the alternative, Petitioner had received ineffective assistance of counsel for his trial counsel's failure to object to consecutive terms. (Lod. Doc. 2). On December 11, 2020, the California Court of Appeal affirmed the judgment. (Lod. Doc. 5). Petitioner sought a petition for review to exhaust state remedies to the Supreme Court of California. (Lod. Doc. 6). Again, Petitioner argued the judgment violated the ex post facto clauses of the United States and California Constitutions, the trial court erroneously imposed consecutive sentences upon Petitioner, and in the alternative, Petitioner had received ineffective assistance of counsel for his trial counsel's failure to object to consecutive terms. *Id*. On February 24, 2021, the California Supreme Court denied the petition for review. (Lod. Doc. 7).

Petitioner states he did not file any state post-conviction collateral challenges related to his state conviction and sentence. (ECF No. 14 at 2). On February 7, 2022, Petitioner filed his initial federal petition for writ of habeas corpus. (ECF No. 1). On March 15, 2022, Petitioner filed an amended petition. (ECF No. 14). On July 22, 2022, Respondent filed the instant motion to dismiss asserting the claims in Petitioner's federal petition are unexhausted. (ECF No. 19). On August 11, 2022, Petitioner filed a response to Respondent's motion to dismiss arguing he did exhaust all state remedies. (ECF No. 22). Accordingly, Respondent's motion is ripe for resolution.

**Petitioner's Claims**

Petitioner first argues his custody is unlawful because he was denied his Sixth Amendment right to effective assistance of counsel. (ECF No. 14 at 4). Petitioner claims his counsel refused to subpoena witnesses "important to defense," did not call witnesses set to testify, and "refused to discredit and/or impeach a witness that is a 2-strike [*sic*] felon and charged with DUI hit and run." *Id*.

2

at 5. Further, Petitioner claims his counsel "refused to use 2 investigator [*sic*] reports in defenses favor", did not allow Petitioner to testify "about key points" and refused to object to the sentence or restitution imposed. *Id*. Petitioner also asserts he entered two *Marsden* motions and a bar association complaint against his counsel but all three were denied. *Id*.

Next, Petitioner claims the sentencing court imposed a "gross and unfair sentence" in violation of the Eighth Amendment. *Id*. at 4. Petitioner asserts the trial court did not use its discretion in sentencing, imposed an override of the "statute of limitations" on his counts and enhancements, and inflicted an "unaffordable" restitution fine that prevented him from being able to pay for private counsel. *Id*.

Petitioner also contends his custody is unlawful because he was denied his Fourteenth Amendment right to equal protection under the law. *Id*. at 6. Petitioner claims "this case was founded on no evidence scientific, no eyewitnesses [*sic*] or otherwise to support any of the alleged complaints." *Id*. Petitioner argues he is serving 165 years to life for a crime he did not commit and that he did not receive a fair trial. *Id*.

**Standard of Review**

A federal court may entertain a petition for wirt of habeas corpus from a person in custody pursuant to the judgment of a state court if they allege the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. §§ 2254(a), 2241(c)(3). Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court…" Habeas Rule 4.

The Ninth Circuit permits a respondent to move to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. *See, e.g., O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990) (using Habeas Rule 4 to evaluate a motion to dismiss habeas petition for failure to exhaust state remedies); *White v. Lewis*, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Habeas Rule 4 as procedural grounds to review a motion to dismiss for state procedural default). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Habeas Rule 4 standards to review the motion. *White*, 874 F.2d at

602-03; *Hillery v. Pulley*, 533 F. Supp. 1189, 1194, n.12 (E.D. Cal. 1982) ("a motion to dismiss attacking only the pleadings should be considered under Rule 4 standards"). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave to be granted. *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971) (per curiam).

**Discussion**

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Rose v. Lundy*, 455 U.S. 509, 518 (1982).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with the necessary jurisdiction a full and fair opportunity to consider each claim before presenting it to the federal court or demonstrating that no state remedy remains available. *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996) (citing *Picard v. Connor,* 404 U.S. 270, 275 (1971)); *See e.g., Ybarra v. McDaniel*, 656 F.3d 984, 991 (9th Cir. 2011) (the Nevada Supreme Court did have an opportunity to address Ybarra's venue claim, thus the claim had been exhausted). The state courts must be presented with the specific federal constitutional guarantee at issue and a statement of the operative facts that support the federal legal theory. *Gentry v. Sinclair*, 705 F.3d 884, 897, 901 (9th Cir. 2013).

Respondent contends that none of the claims in his amended petition have been exhausted. (ECF No. 19 at 2). Respondent argues that Petitioner's petition for review in the California Supreme Court only raised two issues: "an ex post facto violation and sentencing error under California's one strike law." *Id*. Respondent claims Petitioner did not provide to the California Supreme Court any of the claims he now raises in his amended petition: ineffective assistance of counsel, gross and unfair sentence under the Eighth Amendment, and an equal protection violation under the Fourteenth Amendment. *Id*.

The Court agrees with Respondent's conclusion that Petitioner failed to exhaust his Eighth and Fourteenth Amendment claims. Several of Petitioner's ineffective assistance of counsel claims are

4

also unexhausted.  Petitioner has not argued before the highest state court his trial counsel failed to subpoena and call witnesses, failed to discredit and/or impeach a witness, failed to use certain evidence, and failed to let Petitioner testify.  Thus, those claims must also be dismissed.

However, Petitioner's asserted first ground for relief is his trial counsel's ineffective assistance, which Petitioner alleges was a claim he presented to the California Supreme Court, and which Petitioner supports in the first amended petition with an allegation that his trial counsel "refused to object to sentence or restitution imposed." (ECF No. 14 at 3-6).  In fact, Petitioner's California Supreme Court petition asserted his trial counsel failed to object to the trial court's misunderstanding of its discretionary authority to sentence Petitioner concurrently. (Lod. Doc. 6 at 20-21).  The petition for review also claimed the trial counsel's failure to argue for concurrent terms, "rendered his representation ineffective because there is a reasonable probability that his sentence would have been more favorable if counsel had raised the objection." *Id*. at 23 (citing *Strickland v. Washington*, 466 U.S. 668, 691-94, 697 (1984)).  Therefore, Petitioner did exhaust in the highest state court an ineffective assistance of counsel claim regarding his trial counsel's failure to object and argue for concurrent terms.

Petitioner has exhausted in the highest state court one of his ineffective assistance of counsel claims.  However, Petitioner's amended petition contains only a generalized claim that counsel "refused to object to the sentence" and fails to state a cognizable federal claim. (ECF No. 14 at 4). "Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief." *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994); *see Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977) (notice pleading is insufficient, a petitioner must state sufficient facts); *see also* Habeas Rule 2(c) ("the petition shall specify all of the grounds for relief…and shall set forth in summary form the facts supporting each of the grounds thus specified").  Petitioner has failed to provide within his federal habeas petition specific facts that support his claim for ineffective assistance of counsel.  Therefore, Petitioner's claim must be dismissed for failure to state a claim.

/ / /

**Conclusion and Recommendations**

Petitioner's federal petition for writ of habeas corpus is deficient for advancing claims that are wholly unexhausted and for asserting an exhausted claim that is not sufficiently pled.[2] Petitioner should be granted an opportunity to file an amended petition curing the aforementioned deficiencies.

Based on the foregoing, the Court HEREBY RECOMMENDS that:

1. Respondent's motion to dismiss (ECF No. 19) is GRANTED;
2. Petitioner's First Amended Petition for Writ of Habeas Corpus (ECF No. 14) be DISMISSED WITHOUT PREJUDICE for failure to show exhaustion of state remedies and failure to state a cognizable federal claim; and
3. Petitioner be provided thirty days from the date of service of the order adopting these findings and recommendations to file a Second Amended Petition.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty-one (21) days after being served with these findings and recommendations, Petitioner may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiffs are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **November 30, 2022**

UNITED STATES MAGISTRATE JUDGE

---

[2] In addition, the Court takes notice Petitioner argued and exhausted an ex post facto claim against his sentence but chose not to raise it in his federal petition.  (Lod. Doc. 6).