UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| KENNETH JAMES WEST, | Case No. 1:22-cv-00172-ADA-CDB (HC) |
|---|---|
| Petitioner, | FINDINGS AND RECOMMENDATIONS TO GRANT PETITIONER'S UNOPPOSED MOTION FOR STAY |
| v. | |
| ATTORNEY GENERAL OF THE STATE OF CALIFORNIA, | (Doc. 30) |
| Respondent. | <u>FOURTEEN-DAY DEADLINE</u> |

**<u>Background</u>**

Petitioner Kenneth James West ("Petitioner") is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On March 15, 2022, Petitioner filed a first amended petition for writ of habeas corpus. (Doc. 14). Respondent filed a motion to dismiss on July 22, 2022. (Doc. 19). Petitioner filed a response on August 11, 2022. (Doc. 22).

On November 30, 2022, the Court issued findings and recommendations to grant Respondent's motion to dismiss. (Doc. 27). The Court found Petitioner had failed to exhaust several of his ineffective assistance of counsel and Eighth and Fourteenth Amendment claims. *Id.* at 4-5. The Court found Petitioner did exhaust an ineffective assistance of counsel claim regarding his trial counsel's failure to object to and argue for concurrent sentencing terms. *Id.* at 5. However, the Court held Petitioner's first amended petition only contained a generalized claim that counsel "refused to object

1

to the sentence" and failed to state a cognizable claim. *Id*. The Court recommended the petition should be dismissed without prejudice for failure to show exhaustion of state remedies and failure to state a cognizable federal claim. *Id*. at 6.

On December 19, 2022, Petitioner filed objections to the Court's findings and recommendations. (Doc. 28). On March 7, 2023, the Honorable District Judge Ana de Alba issued an order adopting in full the November 30, 2022, findings and recommendations. (Doc. 29). District Judge de Alba held "the [magistrate judge] has appropriately suggested dismissing the petition without prejudice so that Petitioner can amend the petition, and, if desired, request a stay of the petition in this court in order to exhaust claims in state court." *Id*. at 2. Petitioner was provided 30 days from the date of service of the order to file a second amended petition. *Id*. at 3.

Before the 30-day period ran, on March 31, 2023, Petitioner filed a motion to stay. (Doc. 30). Petitioner requests a stay "so as to comply with the Court's direction to raise the unexhausted claims in the proper venue." *Id*. Respondent did not file an opposition to Petitioner's motion to stay, and the time to do so has passed.[1]

**Legal Standard**

A stay and abeyance of a federal habeas petition that includes both exhausted and unexhausted claims is appropriate in "limited circumstances" where (i) "the petitioner has good cause for his failure to exhaust," (ii) "his unexhausted claims are potentially meritorious," and (iii) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005). *See Mena v. Long*, 813 F.3d 907, 912 (9th Cir. 2016) (noting that a district court has the discretion to stay and hold in abeyance both partially and fully unexhausted petitions under the circumstances set forth in *Rhines*). Such a stay allows state courts the first opportunity to consider and address a state prisoner's habeas corpus claims. *Rhines*, 544 U.S. at 273-74 (citing *Rose v. Lundy*, 455 U.S. 509, 518-19 (1982)).

---

[1] Respondent's failure to file an opposition to Petitioner's motion is construed as a non-opposition. *See* Local Rule 230(c) ("A failure to file a timely opposition may also be construed by the Court as a non-opposition to the motion.").

The decision of whether to grant a *Rhines* stay is subject to the discretion of the district court. *Rhines*, 544 U.S. at 276; *contra Jackson v. Roe*, 425 F.3d 654, 661 (9th Cir. 2005) (when the three *Rhines* factors are satisfied however, "it likely would be an abuse of discretion for a district court to deny a stay[.]").

**Discussion**

Petitioner moves the Court to stay this federal habeas proceeding so that he may present the state courts with the unexhausted claims in his mixed federal petition.  (Doc. 30).

A. Good Cause for Failure to Exhaust

"Good cause" in the context of a *Rhines* stay turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify the failure to exhaust.  *Jackson*, 425 F.3d at 661-62 (the "good cause" requirement does not require a showing of "extraordinary circumstances"). *See Pace v. DiGuglielmo*, 544 U.S. 408, 416-17 (2005) (reasonable confusion regarding the timeliness of a state filing ordinarily constitutes good cause).

Here, Petitioner's motion to stay does not demonstrate good cause.  Petitioner requests a stay "so as to comply with the court's direction to raise the unexhausted claims in the proper venue."  (Doc. 30).  Petitioner's one-page motion for stay does not provide any facts and/or evidence of good cause for his failure to previously exhaust the claims in state court.

Petitioner's previous pleadings assert he failed to exhaust because of ineffective assistance of counsel.  *See* (Doc. 22 p. 1) ("I had a state appointed attorney and he instructed me that all state remedies were exhausted and he mailed me the [California] Supreme Court[s] denial…and a federal writ to file the appeal."); (Doc. 28 p. 1) (same).  However, Petitioner has not submitted to this Court any evidence in support of his contention that he received ineffective assistance of counsel on direct appeal in state court.  *See Blake v. Baker*, 745 F.3d 977, 982 (9th Cir. 2014) ("While a bald assertion cannot amount to a showing of good cause, a reasonable excuse, supported by evidence to justify a petitioner's failure to exhaust".).  Accordingly, the Court concludes Petitioner's failure to show good cause under *Rhines* weighs against his motion for a stay.

/ / /

### B. The Unexhausted Claims are Potentially Meritorious

The merit inquiry under *Rhines* turns on whether the petitioner has presented a colorable claim, not whether he is likely to prevail. *Gonzalez v. Wong*, 667 F.3d 965, 980 (9th Cir. 2011). A federal habeas petitioner needs only show that one of his unexhausted claims is not "plainly meritless" to obtain a stay under *Rhines*. 544 U.S. at 277. In determining whether a claim is "plainly meritless," principles of comity and federalism demand that the federal court refrains from ruling on the merits of the claim unless "it is perfectly clear that the petitioner has no hope of prevailing." *Dixon v. Baker*, 847 F.3d 714, 722 (9th Cir. 2017) (quoting *Cassett v. Stewart*, 406 F.3d 614, 624 (9th Cir. 2005)). "A contrary rule would deprive state courts of the opportunity to address a colorable federal claim in the first instance and grant relief if they believe it is warranted." *Id.* (quoting *Cassett*, 406 F.3d at 624) (citing *Lundy*, 455 U.S. at 515).

Here, the Court finds that Petitioner's unexhausted ineffective assistance of counsel claims potentially could be meritorious and cannot be said to be "hopeless." *See Cruz v. Mitchell*, No. 13-cv-02792-JST, 2015 WL 78779, at *3 (E.D. Cal. Jan. 5, 2015) ("[P]etitioner's unexhausted claims are potentially meritorious where they are not "vague, conclusory, or patently frivolous."). Petitioner has advanced specific allegations against his trial counsel. (Doc. 14 p. 5). The allegations of Petitioner's unexhausted ineffective assistance of counsel claims, if true, would entitle Petitioner to relief. Further, Respondent's failure to respond to Petitioner's motion to stay suggests, at least inferentially, that Petitioner's claims are at least colorable and should be addressed by the state court. Accordingly, the Court concludes Petitioner has adequately established that at least one of his unexhausted claims potentially is meritorious for purposes of assessing whether he is entitled to stay under *Rhines*.

### C. No Intentionally Dilatory Litigation Tactics

The Court finds nothing in the record suggesting that Petitioner here has engaged in "intentionally dilatory litigation tactics," either prior to or after the filing of his federal habeas petition. For example, the Court observes that: (i) Petitioner timely filed his federal habeas petition within the applicable statute of limitations (28 U.S.C. § 2244(d)(1)), and (ii) Petitioner largely has responded on time to this Court's orders, Respondent's motion to dismiss, and, in filing the instant motion to stay,

within the time for filing an amended petition. (Docs. 1, 14, 22, 28, 30). Accordingly, this factor weighs in favor of granting Petitioner a stay under *Rhines*.

**Conclusion and Recommendations**

Based on the *Rhines* factors discussed above, Respondent's lack of opposition thereto, and pursuant to the Court's discretionary authority to stay proceedings, the undersigned recommends that the instant proceeding should be stayed and held in abeyance pending exhaustion of Petitioner's unexhausted claims in state court. Accordingly, IT IS HEREBY RECOMMENDED

1. Petitioner's motion for stay (Doc. 30) be GRANTED and these proceedings be held in abeyance while Petitioner exhausts his unexhausted claims in state court;
2. Petitioner be directed to file his state court petition by no later than 60 days following service of this order, and to promptly file in this Court a notice that he has done so; and
3. Petitioner be directed to file in this Court, within 30 days after the filing date of the state court's order finally resolving Petitioner's unexhausted claims, a motion to lift the stay in this proceeding.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days of being served with these findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **April 21, 2023**

UNITED STATES MAGISTRATE JUDGE