1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 11  KENNETH JAMES WEST, | Case No. 1:22-cv-00172-KES-CDB (HC) |
| 12           Petitioner, | ORDER DENYING PETITIONER'S MOTION TO APPOINT COUNSEL |
| 13      v. | (Doc. 37) |
| 14  ATTORNEY GENERAL OF THE STATE OF CALIFORNIA, | ORDER LIFING STAY |
| 15 | (Doc. 33) |
| 16           Respondent. | FINDINGS AND RECOMMENDATIONS DISMISSING IN PART PETITIONER'S SECOND AMENDED PETITION |
| 17 | |
| 18 | (Doc. 38) |
| 19 | **30-DAY DEADLINE** |
| 20 | Clerk of the Court to Substitute Named Respondent |
| 21 | |

22        On February 7, 2022, Petitioner Kenneth James West ("Petitioner") a state prisoner proceeding

23 pro se, filed a petition for writ of habeas corpus.  (Doc. 1).  On March 27, 2024, Petitioner filed the

24 operative second amended petition and a motion to appoint counsel.  (Docs. 37-38).

25 **Background and Procedural Posture**

26        On May 21, 2018, Petitioner was convicted in Fresno County Superior Court for multiple sex

27 offenses against minors.  (Docs. 20-1; 38 at 1).  On August 6, 2018, Petitioner was sentenced to an

28 indeterminate state prison term of 165 years to life.  *Id*.

Petitioner appealed the judgment of the trial court on the grounds that it violated the ex post facto clauses of the United States and California Constitutions, that the trial court erroneously imposed consecutive sentences upon Petitioner, and in the alternative, that Petitioner had received ineffective assistance of counsel for his trial counsel's failure to object to consecutive terms. (Doc. 20-2). On December 11, 2020, the California Court of Appeal affirmed the judgment. (Doc. 20-5). Petitioner sought a petition for review to exhaust state remedies to the Supreme Court of California in which he raised the same arguments as below. (Doc. 20-6). On February 24, 2021, the Court denied the petition for review. (Doc. 20-7).

On February 7, 2022, Petitioner commenced the instant action with his original petition for writ of habeas corpus and a motion to appoint counsel. (Docs. 1-2). Petitioner filed a second motion to appoint counsel on February 22, 2022. (Doc. 8). The following day, the Court denied Petitioner's motions as he had not demonstrated appointment of counsel was necessary at that stage of the proceedings. (Doc. 11). On February 23, 2022, the Court issued an order finding the petition failed to state any cognizable claim for relief and directing Petitioner to file a first amended petition. (Doc. 12).

On March 15, 2022, Petitioner timely filed a first amended petition. (Doc. 14). The Court issued an order directing Respondent the Attorney General of the State of California ("Respondent") to file a response to the petition on May 23, 2022. (Doc. 16). On July 22, 2022, Respondent filed a motion to dismiss asserting that Petitioner's claims were unexhausted and separately lodged state court records in support of its motion. (Docs. 19, 20). On August 11, 2022, Petitioner filed a response to the motion to dismiss and a third motion to appoint counsel. (Docs. 22-23). The Court denied Petitioner's third motion to appoint counsel on September 27, 2022. (Doc. 25).

On November 30, 2022, the Undersigned issued findings and recommendations to grant Respondent's motion to dismiss Petitioner's first amended petition for writ of habeas corpus without prejudice and to extend to Petitioner leave to amend. (Doc. 27). The Undersigned found Petitioner failed to exhaust his Eighth and Fourteenth Amendment claims, as well as several of Petitioner's ineffective assistance of counsel claims. *See id*. at 4-5 ("Petitioner has not argued before the highest state court his trial counsel failed to subpoena and call witnesses, failed to discredit and/or impeach a witness, failed to use certain evidence, and failed to let Petitioner testify."). The Undersigned

1    determined Petitioner had exhausted an ineffective assistance of counsel claim regarding his trial

2    counsel's failure to object and argue for concurrent terms.  *Id.* at 5.  However, Petitioner's amended

3    petition contained only a generalized claim that counsel "refused to object to the sentence" and failed

4    to state a cognizable federal claim.  *Id.*

5           On December 19, 2022, Petitioner filed objections to the Undersigned's findings and

6    recommendations.  (Doc. 28).  On March 7, 2023, the Honorable District Judge Ana de Alba issued an

7    order adopting the November 30, 2022, findings and recommendations.  (Doc. 29).[1]  The Court found

8    "[t]he Magistrate Judge [had] appropriately suggested dismissing the petition without prejudice so that

9    Petitioner can amend the petition, and, if desired, request a stay of the petition in this [C]ourt in order

10   to exhaust claims in state court."  *Id.* at 2.

11          Thereafter, on March 29, 2023, Petitioner filed a petition for writ of habeas corpus to the

12   Fresno County Superior Court.  (Docs. 35; 38 at 66-71).  Petitioner raised ineffective assistance

13   counsel claims for his trial counsel's: (1) failure to properly object to the statute of limitations; (2)

14   failure to present expert witness testimony favorable to Petitioner's defense; (3) failure to appraise

15   Petitioner of relevant discovery in regard to expert witness testimony; (4) mishandling witness

16   testimony; and (5) failure to secure witnesses or object/respond by cross-examination to potential

17   witness perjury.  (Doc. 38 at 68, 100-03).  Further, Petitioner claimed his trial counsel "made

18   prejudicial comments in regard to the case," was hostile, and biased.  *Id.* at 68, 103.  Petitioner claims

19   his reliance on a hostile counsel for his trial and sentence was a violation of his Fifth, Sixth, and

20   Eighth Amendment rights.  *Id.*

21          In his state court petition, Petitioner also raised a claim of judicial abuse of discretion.  *Id.*

22   Specifically, Petitioner asserted the "judge permitted [the] case be brought past [the] statute of

23   limitations … refused to grant [Petitioner] new attorney despite multiple *Marsden* complaints," and

24   "imposed an excessive 'death' style sentence."  *Id.* at 69, 103-06.

25          On March 31, 2023, Petitioner filed a motion to stay this federal habeas proceeding to permit

26   him to raise his unexhausted claims in the state court.  (Doc. 30).  Respondent did not file an

27

28          [1] On December 1, 2023, the Honorable District Judge Ana de Alba was elevated to the Ninth
     Circuit Court of Appeals.  (Doc. 34).

opposition to Petitioner's motion for stay.  On April 21, 2023, the Undersigned issued findings and recommendations to grant Petitioner's unopposed motion for stay.  (Doc. 31).  The Undersigned found a *Rhines* stay was appropriate and that the instant proceedings should be stayed and held in abeyance pending exhaustion of Petitioner's unexhausted claims in state court.  *Id*. at 3-5 (citing *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005)).[2]  On May 5, 2023, Petitioner filed a "notification of compliance of order to timely file a petition in California state court."  (Doc. 32).

On June 2, 2023, the Fresno County Superior Court denied Petitioner's petition for writ of habeas corpus.  (Docs. 35 at 1; 38 at 72-78).  On July 14, 2023, Petitioner filed a petition for writ of habeas corpus to the Fifth Appellate District, Court of Appeal of the State of California.  (Docs. 35 at 1; 38 at 26).  On July 19, 2023, the Court of Appeals denied without prejudice the petition.  (Doc. 38 at 26).  The Court of Appeals found Petitioner had failed to provide a complete record of his efforts to seek review and exhaust judicial remedies and failed to set forth his claims for relief with adequate specificity.  *Id*.

On August 3, 2023, Petitioner filed a request for an extension time to file a petition and a request to appoint counsel.  (Docs. 35 at 1; 38 at 27-28).  The Court of Appeals issued a reply to Petitioner's request on August 10, 2023.  (Docs. 35 at 1; 38 at 29).  The Court of Appeals noted Petitioner's request did "not qualify as either an appeal or writ [and the] court cannot consider and decide it and is returning it to you unfiled."  (Doc. 38 at 29).  On October 23, 2023, Petitioner filed a renewed petition for writ of habeas corpus to the California Court of Appeals.  (Docs. 35 at 1; 38 at 19-25).  Petitioner requested "all grounds presented to the lower court … in conjunction with [his] previously submitted appeal … be considered as a whole."  (Doc. 38 at 21, 30-65).  The Court of Appeals denied the petition on December 27, 2023.  (Doc. 38 at 25).

On January 10, 2024, Petitioner filed a petition for review to the Supreme Court of California.  (Docs. 35 at 1; 38 at 16).  On March 12, 2024, the Supreme Court of California denied the petition for review.  (Doc. 38 at 18).

---

[2] On June 30, 2023, District Judge de Alba issued an order adopting the April 21, 2023, findings and recommendation.  (Doc. 33).  The Court ordered that the proceedings be held in abeyance while Petitioner exhausted his claims in state court and directed Petitioner to file a motion to lift the stay after the state court's resolution of his unexhausted claims.  *Id*. at 2.

**Motion to Appoint Counsel**

On March 27, 2024, Petitioner filed a fourth motion to appoint counsel to this Court using what appears to be a form, "fill-in-the-blank" template.  (Doc. 37).  Petitioner asserts he cannot adequately represent himself.  *Id.*

As this Court previously has advised Petitioner (*see* Docs. 11, 25), there is no absolute right to appointment of counsel in federal habeas proceedings.  *See, e.g., Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Anderson v. Heinze*, 258 F.2d 479, 481 (9th Cir. 1958).  However, the Criminal Justice Act authorizes the appointment of counsel at any stage of the proceedings for financially eligible persons if "the interests of justice so require."  18 U.S.C. § 3006A(a)(2)(B).  To determine whether to appoint counsel, the "court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved."  *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

Moreover, the *Rules Governing Section 2254 Cases in the United States District Courts* require the Court to appoint counsel: (1) where discovery is authorized on a showing of good cause and counsel is deemed "necessary" to facilitate effective discovery; or (2) when the court has determined that an evidentiary hearing is warranted for the disposition of a petition.  *See* Habeas Rules 6(a) and 8(c).

The Court finds Petitioner has not demonstrated that appointment of counsel is necessary or warranted at this stage of the proceedings.  The legal issues involved are not extremely complex, and, as set forth further herein, Petitioner does not demonstrate a likelihood of success on the merits such that the interests of justice require the appointment of counsel at the present time.  The Court has reviewed Petitioner's filings in state court that he has made a matter of record in this proceeding and concludes he is capable of articulating his claims in the light of their relative complexity.  The Court will consider appointing counsel to represent Petitioner if the Court later finds good cause to permit discovery or if the Court decides that an evidently hearing is needed in this matter.  Accordingly, the Court will DENY Petitioner's motion to appoint Counsel.

///

///

**<u>Petitioner's Second Amended Petition</u>**

On March 27, 2024, Petitioner filed the instant second amended petition for writ of habeas corpus.  (Doc. 38).

Rule 4 of the Rules Governing Section 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court should summarily dismiss a petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court…"  *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (quoting Rule 4).  The Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.

Petitioner's second amended petition purports to show he exhausted state judicial remedies. *See generally* (Doc. 38).  A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1).  The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations.  *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Rose v. Lundy*, 455 U.S. 509, 518 (1982).  A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court.  *Duncan v. Henry*, 513 U.S. 364, 365 (1995).

Here, Petitioner alleges he raised to the Supreme Court of California the claims for relief he brings in his federal petition for habeas corpus.  (Doc. 38 at 4).  On the face of the petition and from the attached exhibits, it appears Petitioner's claims have been exhausted.

Petitioner names the "Attorney General of the State of California" as Respondent.  *Id.* at 1. Previously, this Court advised Petitioner that the proper respondent for this action is the warden of the facility in which Petitioner is housed.  (Doc. 27 at 1, n. 1) (citing *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992)).  To reiterate, a petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer having custody of him as the respondent to the petition.  Rule 2(a) of the Rules Governing § 2254 Cases; *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996); *Stanley v. California Sup. Ct.*, 21 F.3d 359, 360 (9th Cir. 1994).  Normally, the person having custody

6

of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner. *Brittingham*, 982 F.2d at 379; *see Stanley*, 21 F.3d at 360. The chief officer in charge of the state penal institutions is also appropriate. *Ortiz*, 81 F.3d at 894; *Stanley*, 21 F.3d at 360. Petitioner fails to name the proper respondent. Therefore, the Court will direct the Clerk of Court to substitute Raul Morales, acting warden at Valley State Prison, as Respondent in this matter. *See* (Doc. 19 at 1, n.1).

Next, the Court addresses Petitioner's federal claims. The scope of habeas corpus is prescribed by statute, 28 U.S.C. § 2254(a), as follows:

> "The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus [on] behalf of a person in custody pursuant to a judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*."

(emphasis added); *see* Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court. The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody…" *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).

To succeed with a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1), (2). Rule 2(c) of the Rules Governing Section 2254 Cases also requires that the petition:

> (1) specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground; (3) state the relief requested; (4) be printed, typewritten, or legibly handwritten; and (5) be signed under penalty of perjury by the petitioner or a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

Here, Petitioner raises the following claims: (1) that he was denied effective assistance of counsel in violation of the Sixth Amendment; (2) that he received a "gross [and] unfair sentencing imposed by court" in violation of the Eighth Amendment; and (3) that he was deprived of his rights under the

7

1  Fourteenth Amendment in connection with the state courts' treatment of the statute of limitations.  *Id.*

2  at 5, 7-8.

3          Petitioner appears to have stated a cognizable claim for ineffective assistance of counsel in

4  violation of the Sixth Amendment.  (Doc. 38 at 5, 68-69, 100-04).  Specifically, Petitioner describes

5  how his trial counsel failed to raise objections, present witnesses, mishandled discovery and did not

6  appraise Petitioner of relevant discovery.  *Id.* at 100-03.  Petitioner also argues he filed multiple

7  *Marsden* motions to remove his "hostile attorney," but the state court refused.  *Id.* at 103-04.

8  However, it is not clear from the face of the petition whether Petitioner is entitled to relief on his

9  ineffective assistance of counsel claims.

10          Next, Petitioner asserts his Fourteenth Amendment rights were violated because he was

11  brought to trial after the statute of limitations had expired.  *Id.* at 100, 103-05.  Petitioner argues the

12  trial court "abused its discretion by even allowing oral argument as to why prosecution should be

13  permitted to bend the statute."  *Id.* at 103.

14          On June 2, 2023, the Fresno County Superior Court denied Petitioner's petition for writ of

15  habeas corpus.  (Doc. 38 at 72-78).  The Court acknowledged Petitioner's claim that the judgment

16  against him was void because the charges were filed after the statute of limitations had expired.  *Id.* at

17  73.  The Court rejected Petitioner's argument, finding that counts 1, 2, and 4 through 12 were not

18  subject to a statute of limitations, and that counts 15 and 16 were charged within the applicable statute

19  of limitations.  In its opinion, the Court reasoned:

20          In determining the maximum sentence for a violation of a statute, the court must take into
            account any alternative sentencing schemes for a violation of the statute that the prosecution
21          has charged. Penal Code section 667.61 is an alternate penalty scheme that, when charged,
            defines the length of imprisonment for the substantive offense of violating Penal Code section
22          288, subdivision (a) [citation omitted].  The former Penal Code section 667.61 provided that a
            person who was convicted "in the present case or cases" for violations of Penal Code section
23          288, subdivision (a) against more than one victim "shall be punished by imprisonment in the
            state prison for life and shall not be eligible for release on parole for 15 years" [citations
24          omitted].
25
            As petitioner was charged with counts 1, 2, and 9 through 12 for violating Penal Code section
26          288, subdivision (a), the counts dealt with three different victims, and the prosecution alleged
            that Penal Code section 667.61 applied to all counts, the court finds that counts 1, 2, and 4
27          through 12 were subject to the alternative sentencing scheme created in Penal Code section
            667.61. Therefore, while violations of Penal Code section 288, subdivision (a) are generally
28

subject to a maximum 8-year prison term, in this case, since counts 1, 2, and 4 through 12 were subject to the alternative sentencing scheme created in Penal Code section 667.61, subd. (b), the maximum sentence that could have been imposed for counts 1, 2, and 4 through 12 was a 15-year- to-life prison term [citations omitted].

Penal Code§ 805(a) provides that, for the purpose of determining the applicable statute of limitations, "[a]n offense is deemed punishable by the maximum punishment prescribed by statute for the offense, regardless of the punishment actually sought or imposed." Consequently, pursuant to Penal Code section 805, subdivision (a), Penal Code section 799 actually sets out the statute of limitations applicable to counts 1, 2, and 4 through 12: "Prosecution for an offense punishable by death or by imprisonment in the state prison for life ... may be commenced at any time." Accordingly, under the terms of Penal Code section 799, the prosecution of counts 1, 2, and 4 through 12 "may be commenced at any time." Hence, when the prosecution of counts 1, 2, and 4 through 12 commenced on August 15, 2015, those counts were not barred by the applicable statute of limitations. Moreover, this court notes that counts 15 and 16 were not time-barred when the felony complaint was filed. Consequently, petitioner's first claim fails to state a prima facie case for relief.

*Id*. at 73-75.

The Undersigned finds Petitioner has failed to establish a due process violation because his challenge to the applicable state statute of limitations is beyond the purview of this Court in federal habeas proceedings.  *See* 28 U.S.C. 2254(d); *see also Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) ("it is only noncompliance with *federal* law that renders a State's criminal judgment susceptible to collateral attack in the federal courts") (emphasis in original); *Woodward v. Diaz*, No. 2:12-CV-2168 JAM DAD P, 2013 WL 5934412, at *11 (E.D. Cal. Nov. 5, 2013) (petitioner's claim that prosecution for lewd and lascivious acts with children was barred by the state statute of limitations is "simply not cognizable in a federal habeas proceeding"); *Iturralde v. Atchley*, No. 2:22-cv-00272 DJC KJN P, 2023 WL 4353777, at *17-18 (E.D. Cal. Jul. 5, 2023) ("the state court concluded that the state's prosecution of petitioner was timely under California's statute of limitations. It is axiomatic that a state court's interpretation of state law is binding on a federal habeas court"), adopted 2024 WL 102616 (E.D. Cal. Jan. 9, 2024); *Loeblein v. Dormire*, 229 F.3d 724, 726 (8th Cir. 2000) ("[A] state court's failure properly to apply a state statute of limitations does not violate due process or, indeed, any other provision of the Constitution or a federal statute.").  Petitioner's mere citation to the Fourteenth Amendment and vague allegations of due process, are insufficient to convent his state law claim into a federal issue.  *See Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996) (explaining that petitioner

1  may not "transform a state-law issue into a federal one merely by asserting a violation of due
2  process.").

3      "To establish a due process violation based on an alleged error under state law, a federal
4  habeas petitioner must show that the state court's erroneous ruling was so arbitrary that it rendered his
5  trial fundamentally unfair." *Woodward*, 2013 WL 5934412, at *10 (citing *Holley v. Yarborough*, 568
6  F.3d 1091, 1101 (9th Cir. 2009)).  Here, as summarized above, the state court's consideration of
7  Petitioner's statute of limitations challenge was well reasoned and sufficiently considered and applied
8  the applicable California state statutes. *See People v. Perez*, 182 Cal. App. 4th 231, 27-42 (2010)
9  (discussing appliable California Supreme Court case law and holding that that application of the
10  alternate penalty scheme allowing for a life sentence under the "One Strike Law," Penal Code §
11  667.61, determines the applicable statute of limitations).  In light of this, Petitioner has not satisfied
12  the high standard of demonstrating arbitrariness by the state court to sufficiently plead a due process
13  claim.  Therefore, the Undersigned will recommend Petitioner's Fourteenth Amendment claim be
14  dismissed.

15      Petitioner also argues his Eighth Amendment rights were violated because a "gross [and]
16  unfair sentencing [was] imposed by [the] court".  (Doc. 38 at 7).  A criminal sentence that is grossly
17  disproportionate to the crime for which the defendant was convicted violates the Eighth Amendment's
18  prohibition against cruel and unusual punishment.  *Solem v. Helm,* 463 U.S. 277, 289-90 (1983).
19  "Strict proportionality between crime and sentence" is not required.  *Harmelin v. Michigan*, 501 U.S.
20  957, 1001 (1991) (Kennedy, J., concurring) (citing *inter alia Solem*, 463 U.S. at 288, 303).  Rather, the
21  Eighth Amendment "forbids only extreme sentences that are 'grossly disproportionate' to the crime."
22  *Harmelin*, 501 U.S. at 1001 (Kennedy, J., concurring); *see United States v. Bland*, 961 F.2d 123, 128-
23  29 (9th Cir. 1992) ("We conclude that Justice Kennedy's view that the eighth amendment "forbids
24  only extreme sentences that are 'grossly disproportionate' to the crime" is the 'rule' of *Harmelin*.").
25  Therefore, with the exception of capital cases, successful Eighth Amendment challenges to the
26  proportionality of a sentence have been "exceedingly rare."  *Rummel v. Estelle*, 445 U.S. 263, 272
27  (1980); *see Ramirez v. Castro*, 365 F.3d 755, 775 (9th Cir. 2004).

28

1    The Supreme Court has cautioned federal courts to be reluctant to review legislatively

2 mandated terms of imprisonment for crimes "concededly classified and classifiable as felonies."

3 *Hutto v. Davis*, 454 U.S. 370, 374 (1982). In addressing an Eighth Amendment claim, the Court

4 begins with a threshold comparison between "the gravity of the offense and the severity of the

5 sentence." *Graham v. Florida*, 560 U.S. 48, 60 (2010). The Court will conduct a detailed analysis

6 only in the rare case in which a threshold comparison leads to an inference of disproportionality.

7 *Harris v. Wright*, 93 F.3d 581, 584 (9th Cir. 1996). "Generally, so long as the sentence imposed does

8 not exceed the statutory maximum, it will not be overturned on eighth amendment grounds." *United*

9 *States v. McDougherty*, 920 F.2d 569, 576 (9th Cir. 1990).

10   Petitioner claims his conviction is cruel and unusual and is more than a convicted murderer

11 would receive. *Id*. at 104. Petitioner states his sentence is "extremely imbalanced and

12 disproportionate to the offense and it is a virtual [life without parole] sentence." *Id*. at 104-05. But

13 beyond these conclusory statements, Petitioner offers no other facts to indicate that his sentence is out

14 of step with his offenses.   The Fresno County Superior Court's rejection of Petitioner's sentencing

15 claim on habeas review relied in part on this same ground: "petitioner has failed to allege any factual

16 basis establishing that his sentence is grossly disproportionate." (Doc. 38 at 77).

17   Petitioner was convicted of eleven separate counts of committing a lewd act upon three

18 separate victims under the age of 14, and two counts of committing a lewd act upon a child when the

19 defendant was at least 10 years older than the child. (Docs. 20-1; 38 at 1, 73) (citing Cal. Pen. Code §

20 288(a), (c)(1)). Under Cal. Pen. Code § 667.61's alternative sentencing scheme, "a defendant

21 convicted of section 288 violations against multiple victims is subject to a sentence of life

22 imprisonment" and such offenses are to run consecutively. *Iturralde*, 2023 WL 4353777, at *17

23 (citing *Perez*, 182 Cal. App. 4th at 239-40); Cal. Penal Code § 269(b), (c). Here, Petitioner was

24 sentenced to 15 years to life on each of his counts for a total of 165 years to life. (Docs. 20-1; 38 at 1).

25 The Undersigned finds that this sentence is not grossly disproportionate, but rather consistent with

26 other courts' imposition of sentences involving child molestation. *See, e.g., Norris v. Morgan*, 622

27 F.3d 1276 (9th Cir. 2010) (upholding sentence of life without the possibility of parole for a single

28 conviction resulting from a brief touching of the victim's genitalia over clothing where the petitioner

had one previous conviction for child molestation); *Zimmer v. Stewart*, 57 Fed. Appx. 729 (9th Cir. 2003) ("51-year sentence for three counts of child molestation and three counts of sexual abuse is not grossly disproportionate"); *Harmless v. Martel*, No. 2:14-cv-00223-JKS, 2020 WL 977421, at *8-9 (E.D. Feb. 28, 2020) (finding 725-years-to-life sentence for multiple counts of child molestation as a repeat offender was not grossly disproportionate); *Carranza v. McDowell*, No. SA CV 21-00874-PSG (DFM), 2023 WL 3493708, at *17 (C.D. Cal. Apr. 6, 2023) (145-years-to-life sentence for multiple sexual offenses committed against two children not grossly disproportionate).

Further, the United States Supreme Court has upheld lengthy sentences for offenses less serious than those committed by Petitioner.  *Lockyer v. Andrade*, 538 U.S. 63, 70, 74-77 (2003) (concluding that two consecutive 25-years-to-life sentences with the possibility of parole imposed for petty theft offenses did not violate the Eighth Amendment); *Harmelin*, 501 U.S. at 1002, 1009 (concluding that petitioner's sentence of life imprisonment without parole for his crime of possession of more than 650 grams of cocaine did not violate the Eighth Amendment).  Against these cases, Petitioner's 165 years to life sentence for multiple sexual offenses committed against children is not one of the rare cases in which a threshold comparison of the offenses and sentences leads to an inference of disproportionality.  Therefore, the Undersigned will recommend Petitioner's Eighth Amendment claim should be dismissed.

**Conclusion and Order**

Accordingly, for the foregoing reasons, it is HEREBY ORDERED:

    1.  Petitioner's motion to appoint counsel (Doc. 37) is DENIED.

    2.  The stay of this action (Doc. 35) is LIFTED.

    3.  The Clerk of Court is DIRECTED to substitute Raul Morales, acting warden at Valley State Prison, as Respondent in this matter.

The Undersigned FURTHER RECOMMENDS:

1.  Petitioner's Fourteenth Amendment claim be DISMISSED WITH PREJUDICE;

2.  Petitioner's Eighth Amendment claim be DISMISSED WITH PREJUDICE; and

3.  In the event the assigned District Judge adopts these Findings and Recommendations, Respondent shall file a response to Petitioner's ineffective assistance of counsel claims within

60 days of the date of service of the District Judge's order.  *See* Rule 4, Rules Governing Section 2254 Cases; *Cluchette v. Rushen*, 770 F.2d 1469, 1473-1474 (9th Cir. 1985) (court has discretion to fix time for filing a response).  A response can be made by filing one of the following:

> A. An answer addressing the merits of the petition. Respondent SHALL include with the answer any and all transcripts or other documents necessary for the resolution of the issues presented in the petition.  *See* Rule 5, Rules Governing Section 2254 Cases.  Any argument by Respondent that Petitioner has procedurally defaulted a claim SHALL be made in the answer but must also address the merits of the claim asserted.

> B. A motion to dismiss the petition.  A motion to dismiss SHALL include copies of all Petitioner's state court filings and dispositive rulings.  *See* Rule 5, Rules Governing Section 2254 Cases.

4.  If Respondent files an answer to the petition, Petitioner may file a traverse within THIRTY DAYS of the date Respondent's answer is filed with the Court.  If no traverse is filed, the petition and answer are deemed submitted at the expiration of the thirty days;

5.  If Respondent files a motion to dismiss, Petitioner SHALL file an opposition or statement of non-opposition within TWENTY-ONE DAYS of the date Respondent's motion is filed with the Court.  If no opposition is filed, the motion to dismiss is deemed submitted at the expiration of the twenty-one days.  Any reply to an opposition to the motion to dismiss SHALL be filed within SEVEN DAYS after the opposition is served.

*Remainder of This Page Intentionally Left Blank*

1         These findings and recommendations will be submitted to the United States District Judge

2    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within thirty days after

3    being served with these findings and recommendations, Petitioner may file written objections with the

4    Court.  The document should be captioned "Objections to Magistrate Judge's Findings and

5    Recommendations."  Failure to file objections within the specified time may result in the waiver of

6    rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*,

7    923 F.2d 1391, 1394 (9th Cir. 1991)).

8    IT IS SO ORDERED.

9       Dated:  __**June 14, 2024**__

10                            UNITED STATES MAGISTRATE JUDGE

14