UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH JAMES WEST,<br><br>          Petitioner,<br><br>     v.<br><br>RAUL MORALES,<br><br>          Respondent. | Case No. 1:22-cv-00172-KES-CDB (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING IN PART PETITIONER'S SECOND AMENDED PETITION<br><br>(Doc. 39) |

     Petitioner Kenneth James West is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. 1. Petitioner filed the initial petition on February 7, 2022. *Id*. On February 23, 2022, the assigned magistrate judge completed a screening of the petition. Doc. 12. The assigned magistrate judge found the petition failed to state a claim and directed Petitioner to file a first amended petition. *Id*.

     Petitioner filed a first amended petition on March 15, 2022. Doc. 14. On July 22, 2022, Respondent filed a motion to dismiss the petition, and petitioner filed a response on August 11, 2022. Docs. 19, 22. The assigned magistrate judge issued findings and recommendations that respondent's motion to dismiss be granted, that the first amended petition be dismissed without prejudice, and that Petitioner be provided an opportunity to file a second amended petition. Doc. 27. Petitioner filed

objections to the findings and recommendations on December 19, 2022.  Doc. 28.  The Court adopted the assigned magistrate judge's findings and recommendations on March 7, 2023.  Doc. 29.

On March 31, 2023, petitioner filed a motion to stay this federal habeas proceeding to permit him to raise his unexhausted claims in state court.  Doc. 30.  The assigned magistrate judge issued findings and recommendations to grant petitioner's motion for stay.  Doc 31.  On June 30, 2023, the Court adopted the assigned magistrate judge's findings and recommendations.  Doc. 33.

On March 27, 2024, Petitioner filed the operative second amended petition.  Doc. 38.  On June 14, 2024, the assigned magistrate judge completed a screening of the second amended petition.  Doc. 39.  The assigned magistrate judge found petitioner appeared to have stated a cognizable claim for ineffective assistance of counsel in violation of the Sixth Amendment.  Doc. 39 at 8.  The magistrate judge noted petitioner had failed to state cognizable claims under the Eighth and Fourteenth Amendments and recommended dismissal of those claims.  *Id*. at 9-13.  The findings and recommendations advised petitioner that he must file any objections within 30 days after service of the order and that the "[f]ailure to file objections within the specified time may result in the waiver of rights on appeal."  *Id*. (citations omitted).  Petitioner did not file objections or any other response to the findings and recommendations, and the deadline to do so has expired.

Pursuant to 28 U.S.C. § 636(b)(1), this Court conducted a de novo review of this case.  Having carefully reviewed the entire matter, this Court concludes the findings and recommendations are supported by the record and by proper analysis.

Having found that petitioner is not entitled to habeas relief on his Eighth and Fourteenth Amendment claims, the Court now turns to whether a certificate of appealability should issue.  A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is allowed only in certain circumstances.  *Miller-El v. Cockrell*, 537 U.S. 322, 335-336 (2003).  If a court denies a habeas petition on the merits, the court may issue a certificate of appealability only "if jurists of reason could disagree with the district court's resolution of [the petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must

demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that the Eighth and Fourteenth Amendment claims should be dismissed debatable, wrong, or deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Therefore, the Court declines to issue a certificate of appealability.

Accordingly, the Court HEREBY ORDERS:

1. The June 14, 2024, findings and recommendations, Doc. 39, are adopted in full;
2. Petitioner's Fourteenth Amendment claim is DISMISSED WITH PREJUDICE;
3. Petitioner's Eighth Amendment claim is DISMISSED WITH PREJUDICE;
4. Respondent SHALL file a response[1] to petitioner's claim for ineffective assistance of counsel within SIXTY DAYS of the date of service of this order. *See* Rule 4, Rules Governing Section 2254 Cases; *Cluchette v. Rushen*, 770 F.2d 1469, 1473-1474 (9th Cir. 1985) (court has discretion to fix time for filing a response). A response can be made by filing one of the following:

    A. An answer addressing the merits of the petition. Respondent SHALL include with the answer any and all transcripts or other documents necessary for the resolution of the issues presented in the petition. *See* Rule 5, Rules Governing Section 2254 Cases. Any argument by respondent that petitioner has procedurally defaulted a claim SHALL be made in the answer but must also address the merits of the claim asserted.

---

[1] Rule 4 of the Rules Governing Section 2254 Cases provides that upon the Court's determination that summary dismissal is inappropriate, the Court "must order the respondent to file an answer, motion, or other response…or to take other action the judge may order." Rule 4, Rules Governing Section 2254 Cases; *see also* Advisory Committee Notes to Rules 4 and 5 of Rules Governing Section 2254 Cases (stating that a dismissal may obviate the need for filing an answer on the substantive merits of the petition and that the Attorney General may file a motion to dismiss for failure to exhaust); *White v. Lewis*, 874 F.2d 599, 602-603 (9th Cir. 1989) (providing that motions to dismiss pursuant to Rule 4 are proper in a federal habeas proceeding).

       B. A motion to dismiss the petition. A motion to dismiss SHALL include copies of all of petitioner's state court filings and dispositive rulings. *See* Rule 5, Rules Governing Section 2254 Cases.

5. If respondent files an answer to the petition, petitioner may file a traverse within THIRTY DAYS of the date respondent's answer is filed with the Court. If no traverse is filed, the petition and answer are deemed submitted at the expiration of the thirty days; and

6. If respondent files a motion to dismiss, petitioner SHALL file an opposition or statement of non-opposition within TWENTY-ONE DAYS of the date respondent's motion is filed with the Court. If no opposition is filed, the motion to dismiss is deemed submitted at the expiration of the twenty-one days. Any reply to an opposition to the motion to dismiss SHALL be filed within SEVEN DAYS after the opposition is served.

IT IS SO ORDERED.

Dated:   December 19, 2024                                         
                                                  UNITED STATES DISTRICT JUDGE

4