UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH JAMES WEST,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>RAUL MORALES,<br><br>　　　　　Respondent. | Case No. 1:22-cv-00172-KES-CDB  (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING THE CLERK OF COURT TO CLOSE THE CASE, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>Doc. 58 |

Kenneth James West is a state prisoner proceeding pro se with his second amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. 38. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 28, 2025, the assigned magistrate judge issued findings and recommendations recommending that the remaining claim in the petition for writ of habeas corpus be denied as without merit, and that the Court decline to issue a certificate of appealability. Doc. 58. Those findings and recommendations were served upon all parties and contained notice that any objections thereto were to be filed within fourteen (14) days after service. Petitioner filed objections on August 7, 2025. Doc. 59.

1         In accordance with the provisions of 28 U.S.C. § 636(b)(1), the Court has conducted a de
2 novo review of the case.  Having carefully reviewed the file, including petitioner's objections, the
3 Court concludes that the findings and recommendations are supported by the record and proper
4 analysis.

5         The findings and recommendations correctly explained that review of a habeas petition
6 pursuant to 28 U.S.C. § 2254(d)(1) is limited to the record before the state court.  Doc. 58 at 16
7 (citing *Shoop v. Twyford*, 596 U.S. 811, 819 (2022)).  In his objections, petitioner argues that,
8 contrary to the assigned magistrate judge's conclusion in the findings and recommendations, the
9 declarations petitioner submitted with his reply brief were before the state court but "not on the
10 same paper." *Id.* at 2.  However, petitioner does not identify any evidence to support his assertion
11 that the declarations were before the state court.  The second amended petition filed with this
12 Court does not include those purported declarations, and the two petitions that were filed in the
13 Fresno County Superior Court—the court that denied petitioner's state habeas petitions on the
14 merits—do not include those purported declarations, either.  *See* Docs. 38, 47-10, 47-12.

15         Petitioner also argues that he was not served with respondent's evidentiary objections to
16 the declarations that petitioner submitted along with his reply brief and that the assigned
17 magistrate judge therefore erred by considering respondent's evidentiary objections.  Doc. 59 at
18 1. The Court notes that the certificate of service attached to respondent's evidentiary objections
19 states that petitioner was served with those objections.  Doc. 57 at 5.  But even if he were not
20 served and was unable to file a response, petitioner was not prejudiced because parties are not
21 entitled to file a response to evidentiary objections to new evidence that is submitted with a reply
22 brief.  *See* L.R. 230(m)(1).  Furthermore, the assigned magistrate judge explained that
23 consideration of the declarations would not alter the analysis.  Doc. 58 at 17 n.8.

24         Petitioner's remaining objections reiterate arguments that were correctly addressed by the
25 findings and recommendations.  The Court adopts therefore adopts the findings and
26 recommendations in full.

27         Having found that petitioner is not entitled to relief, the Court now turns to whether a
28 certificate of appealability should issue.  A petitioner seeking a writ of habeas corpus has no

absolute entitlement to appeal a district court's denial of his petition, and an appeal is allowed only in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); 28 U.S.C. § 2253. If a court denies a habeas petition on the merits, the court may issue a certificate of appealability only "if jurists of reason could disagree with the district court's resolution of [the petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that the petition should be denied debatable or wrong, or that petitioner should be allowed to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Therefore, the Court declines to issue a certificate of appealability

Based upon the foregoing, the Court ORDERS:

1. The findings and recommendations issued on July 28, 2025, Doc. 58, are ADOPTED in full.
2. The second amended petition for writ of habeas corpus, Doc. 38, is DENIED.
3. The Clerk of the Court is directed to close the case.
4. The Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   August 28, 2025

UNITED STATES DISTRICT JUDGE

3